## A07A1188. GILBERT v. CITY OF JACKSON et al.
(651 SE2d 461)

ANDREWS, Presiding Judge.

Betty Gilbert appeals from the trial court's grant of the City of Jackson's motion for summary judgment on her claim of negligence by the City in repairing drainage pipes and the nuisance resulting therefrom.

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Goode v. City of Atlanta*, 274 Ga. App. 233 (617 SE2d 210) (2005).

So viewed, the evidence was that Gilbert lived on Freeman Street, not in the City, but adjacent to the border of it. Her property is at a lower elevation than the adjacent properties to the north and east, resulting in some water flow from that direction toward a natural creek running through the property of Ezra Smith Settles to the west of Gilbert's property. This creek runs north to south from Gilbert's side of Freeman Street, under Freeman Street via a culvert, to the south side of Freeman Street where the creek continues its southward flow. The culvert running under Freeman Street is the only part of the drainage system under control of the City.

On February 11, 2003, the City's Public Works Department began working on Freeman Street to replace collapsed concrete pipe which formed the culvert through which the creek ran under the street. The project required the replacement of the two concrete pipes with two metal pipes of the same 48-inch diameter. The project was completed on April 7, 2003, and was in compliance with municipal standards for culvert work.

According to Gilbert, prior to this work on the culvert, the ditches around her property had adequately diverted the water from it. Following this work, Gilbert claimed that the water backed up and her ditches overflowed, leaving waves of trash and straw on her property. She notified the City that her property flooded on April 7, 2003, June 12, 2004, March 22, 2005, March 27, 2005, June 23, 2005, and July 6, 2005.

Gilbert's initial complaint alleged negligence by the City and was amended to add a nuisance claim.

1. Gilbert's first enumeration of error is that the trial court erred in granting summary judgment on the inadequacy of her ante litem notice which was mailed to the City by her first attorney on October

6, 2003. The City has conceded the adequacy of that notice and, to the extent that the grant of summary judgment was premised on this ground,[1] it was error.

This does not, however, result in reversal of the grant of summary judgment. "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. [Cit.] It is the grant itself that is to be reviewed for error, and not the analysis employed. [Cit.]" *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994).

2. In her second enumeration of error, Gilbert argues that the trial court erred in granting summary judgment on the basis of sovereign immunity.

Gilbert contends that the City waived sovereign immunity by operation of OCGA § 36-33-1 because it maintained a liability insurance policy at the time of these incidents. We note initially: "Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege and the waiver must be established by the party seeking to benefit from the waiver." (Citation and punctuation omitted.) *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 788 (1) (456 SE2d 97) (1995).

The only evidence in the record regarding insurance is a letter dated January 18, 2005, from Gallagher, Bassett Services, Inc. which states that this firm "administers the insurance program for The City of Jackson." The letter is attached to an affidavit of Gilbert's current attorney, Josephine Jones, which states that Gilbert's prior attorney received the letter. This hearsay statement, not coming within any exception to the hearsay rule, proves nothing. *Buice v. Buice*, 255 Ga. App. 699, 701 (566 SE2d 421) (2002).

Further, even considering the letter, it does not suffice to show that the City had insurance. *Scott v. City of Valdosta*, 280 Ga. App. 481, 485 (3) (634 SE2d 472) (2006); *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 314 (1) (439 SE2d 95) (1993), overruled in part on other grounds, *Clive v. Gregory*, 280 Ga. App. 836, 839 (1) (635 SE2d 188) (2006).

Therefore, the grant of summary judgment to the City on this ground was correct.

3. The third enumeration is that the trial court erred in granting summary judgment on the ground that Gilbert did not produce any evidence of negligence in the construction or maintenance of the drainage pipe.

---

[1] The trial court's order does not specify which of the several grounds argued by the City was the basis for its grant of summary judgment.

Pursuant to OCGA § 32-4-93 (a), a municipality is not liable for injuries caused by defects in public roads unless the municipality was negligent in constructing or maintaining them.[2] A drainage ditch is included with the definition of a "public road." OCGA § 32-1-3 (24) (N).

Gilbert relied below and continues to rely here on the general principle that issues of negligence and proximate cause are not appropriate for summary judgment. Once, however, the party moving for summary judgment has shown the court by documents, affidavits, depositions and other evidence in the record that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's claim, "the nonmoving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue." (Footnote omitted.) *Thompson v. City of Fitzgerald*, 248 Ga. App. 725, 726 (548 SE2d 368) (2001).

Once the City put forth its affidavit and other evidence showing that the pipes' installation was done in compliance with municipal standards for culvert work, it was incumbent on Gilbert to come forward with some evidence of negligent installation of the pipes in order to defeat summary judgment. This she did not do and the trial court correctly granted summary judgment to the City on this basis. *Thompson v. City of Fitzgerald*, supra at 726; see also *Hobday v. Galardi*, 266 Ga. App. 780 (598 SE2d 350) (2004).

4. Gilbert's fourth enumeration is "[w]hether the trial judgment [sic] erred in the granting of the motion for summary judgment on [the City]'s argument that the [C]ity was not liable because it was performing a governmental function in selecting the replacement pipes for the drainage system."

Gilbert's brief, however, concedes that the construction, installation, and maintenance of a sewer-drainage system is a governmental function.

Therefore, the trial court's grant of summary judgment was correct on this basis.

5. Finally, Gilbert argues that the trial court improperly granted summary judgment on her claim of nuisance because she failed to identify any negligent act of the City.

To be liable for creating or maintaining a nuisance, a municipality must be chargeable with the following: *the defect or degree of misfeasance exceeds mere negligence*; the act complained of is of some duration and the maintenance of the act or defect must be continuous or regularly repetitious; and there is a failure of municipal action

---

[2] The allegation here is that the replacement of the pipe was done negligently, not that maintenance was improper.

within a reasonable time after knowledge of the defect or dangerous condition. *Hibbs v. City of Riverdale*, 267 Ga. 337, 338 (478 SE2d 121) (1996); see *Goode v. City of Atlanta*, supra at 235 (2). A one-time occurrence does not amount to a nuisance. *Banks v. Mayor &c. of Savannah*, 210 Ga. App. 62 (1) (435 SE2d 68) (1993). For instance, the sole act of approving a project which leads to an injury cannot impose liability on a municipality for creating or maintaining a nuisance. *Hibbs*, supra.

Having come forward with no evidence regarding a negligent act of the City, as discussed in Division 3, Gilbert also has failed to come forward with any evidence of misfeasance exceeding mere negligence. *Goode v. City of Atlanta*, supra at 236 (2); *City of Vidalia v. Brown*, 237 Ga. App. 831, 834 (2) (516 SE2d 851) (1999).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 22, 2007.

*Josephine B. Jones*, for appellant.

*Chambless, Higdon, Richardson, Katz & Griggs, Thomas F. Richardson*, for appellees.