A07A1448. BUCHAN v. HOBBY et al.
(654 SE2d 444)

BLACKBURN, Presiding Judge.

In this personal injury action, plaintiff Dianne Buchan appeals the trial court's order granting defendants John and David Hobby's motion for entry of judgment for attorney fees pursuant to the offer of settlement statute[1] and denying, on procedural grounds, Buchan's motion to hold the statute unconstitutional. For the reasons set forth below, we reverse the trial court's order and remand the case for further consideration.

The undisputed record shows that on June 20, 2005, Buchan filed a complaint against the Hobbys for damages arising out of personal injuries she suffered as a result of an automobile accident with John Hobby. On May 2, 2006, the Hobbys made an offer of settlement to Buchan pursuant to OCGA § 9-11-68 (b) (1), in which they offered her $3,000 to settle the matter. Approximately one week later, Buchan rejected that offer. The case was tried on January 11, 2007, and at the trial's conclusion, the jury returned a verdict in favor of the Hobbys.

Shortly thereafter, the Hobbys filed a motion for entry of judgment for attorney fees and expenses pursuant to OCGA § 9-11-68 (d). Buchan responded by filing a motion to declare that OCGA § 9-11-68 (d) violated Art. I, Sec. I, Par. XII and Art. I, Sec. I, Par. II of the Georgia Constitution. Following a hearing on the issue,[2] the trial court issued an order, in which it granted the Hobbys' motion for entry of judgment of attorney fees and expenses. In addition, the trial court's order found in relevant part that:

> 5. With respect to Plaintiff's Motion to Declare the Statute Unconstitutional, the Court notes that the Plaintiff admits that she did not serve the Attorney General with notice of the motion such that the Attorney General could appear and be heard regarding the constitutionality of the statute.

> 6. Plaintiff's Motion to Declare the Statute Unconstitutional is Denied.

---

[1] OCGA § 9-11-68 (d).

[2] The record does not include a transcript of this hearing.

Buchan appealed to this Court, arguing that the trial court erred in denying her motion to declare OCGA § 9-11-68 (d) unconstitutional based on her failure to serve the Attorney General with notice. The Hobbys responded that the trial court's order explicitly upheld the statute's constitutionality. Believing this matter to represent a significant constitutional challenge to a recently enacted statute, we transferred the appeal to the Supreme Court of Georgia for resolution. However, the Supreme Court transferred the case back to this Court on the ground that the trial court did not rule on the merits of Buchan's constitutional challenge to OCGA § 9-11-68 (d) in denying her motion. See *Haynes v. Wells*.[3]

As previously noted, Buchan contends that the trial court erred in denying her motion to declare OCGA § 9-11-68 (d) unconstitutional on the procedural ground that she failed to serve the Attorney General with notice. We agree.

"Where, as here, the issue is a question of law, we apply the plain legal error standard of review and owe no deference to the trial court's ruling." *Cothran v. Mehosky*.[4] In this matter, the trial court denied Buchan's challenge to the constitutionality of OCGA § 9-11-68 (d) because she failed to serve the Attorney General with notice of that challenge. Although it is not clear, it appears from paragraph 5 of its order that the trial court based its ruling on OCGA § 9-4-7 (c), which provides: "If a statute of the state, any order or regulation of any administrative body of the state, or any franchise granted by the state is alleged to be unconstitutional, the Attorney General of the state shall be served with a copy of the proceeding and shall be entitled to be heard." However, "[t]here is no law on the statute books in Georgia of which this court is aware, and none has been cited by counsel, which requires such service upon the Attorney General in other than declaratory judgment proceedings." *Daniel v. Fed. Nat. Mtg. Assn.*[5] See *Pelletier v. Northbrook Garden Apts.*[6] Given that Buchan's challenge to the offer of settlement statute's constitutionality arose from her personal injury action and not from a declaratory judgment action, the trial court erred in denying that challenge based on her failure to serve the Attorney General with notice. See *Pelletier*, supra, 233 Ga. at 209-210 (1); *Daniel*, supra, 231 Ga. at 387 (1).

Furthermore, we are bound by the Supreme Court's order, which transferred this appeal back to this Court and expressly held that the

---

[3] *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000).

[4] *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007).

[5] *Daniel v. Fed. Nat. Mtg. Assn.*, 231 Ga. 385, 387 (1) (202 SE2d 388) (1973), superseded by statute on other grounds as stated in *Collins v. Administrator of Veterans Affairs*, 156 Ga. App. 374 (1) (274 SE2d 760) (1980).

[6] *Pelletier v. Northbrook Garden Apts.*, 233 Ga. 208, 209-210 (1) (210 SE2d 722) (1974).

trial court did not rule on whether OCGA § 9-11-68 (d) was constitutional, and therefore we cannot consider the Hobbys' arguments that the statute is constitutional. See *Coker v. State*.[7] Accordingly, we reverse the trial court's order denying Buchan's motion challenging the constitutionality of OCGA § 9-11-68 (d), and we remand the case to the trial court for a ruling on the merits of Buchan's motion and for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 19, 2007.

*Franklin D. Hayes*, for appellant.
*Spurlin & Spurlin, John C. Spurlin,* for appellees.

---

[7] *Coker v. State*, 261 Ga. App. 646, 646-647 (1) (583 SE2d 498) (2003).