A07A1645. WENDELKEN et al. v. JENK, LLC.
A07A1646. WENDELKEN et al. v. ROC ENTERPRISES.

(661 SE2d 152)

ADAMS, Judge.

In 2001, the City of Rincon was notified by the Environmental Protection Division of the Georgia Department of Natural Resources (EPD) that it was in violation of its groundwater withdrawal permit authorizing it to withdraw 0.087 million gallons of water per day from the Upper Floridan Aquifer. The City and the EPD entered into a consent order concerning this issue in 2002; this order stated that the EPD would continue to issue the City water withdrawal permits and allow it to take water over the limit if the City tapped into and began taking a certain percentage of its water from the county's treated-surface-water pipeline. Subsequently, the City, apparently being unsatisfied with the quality of the treated surface water, unsuccessfully sought to set aside that order. *City of Rincon v. Couch*, 272 Ga. App. 411 (612 SE2d 596) (2005).

In September 2003, the City applied to the EPD for a second groundwater withdrawal permit for the Floridan Aquifer, requesting that it be permitted to draw additional groundwater from a new well that it had drilled into the Lower Floridan Aquifer. The EPD denied this application finding the City had failed "to demonstrate a need or necessity for the new water withdrawal" in light of the consent order obligating the City to satisfy its water needs by connecting to the Effingham County water line. The City appealed and this Court ultimately upheld the EPD's position in that case. *City of Rincon v. Couch*, 276 Ga. App. 567 (623 SE2d 754) (2005).

During this time, the City, through its elected officials or employees, issued several letters or gave written assurances to various developers that it could supply the necessary water taps and sewer connections to the residential developments they were proposing to build. Based on these representations, the developers went forward with their development plans, including obtaining the necessary financing. The City also issued building permits to these developers and continued to collect fees for taps and connections. At some point, the City did give written notice that it could not guarantee any water and sewer connections. The EPD notified the City on October 27, 2004 that it should cease allowing water system connections that were contrary to the consent order.

Two of the developers, JENK, LLC and ROC Enterprises, appellees herein, filed separate but similar actions against the City and the mayor, the city manager and named city councilmen, in both their individual and official capacities, alleging inverse condemnation, violation of Georgia's Racketeer Influenced and Corrupt Organizations (RICO) Act, extortion and fraud contending in essence

that the City's ongoing controversy with the EPD had caused them to be unable to develop their properties as planned. Defendants filed motions for summary judgment, asserting that they were protected from suit by sovereign, official and legislative immunity and that, as to an essential element of each of plaintiffs' claims, there was no evidence sufficient to create a jury issue. The trial court denied the motions, addressing only defendants' contentions concerning the doctrines of sovereign, official and legislative immunity. We granted defendants' applications for interlocutory appeal. To the extent these appeals raise identical issues, we will address them together.

## Official Immunity

1. The threshold issue in these cases is whether the City and the individual defendants are protected from suit by the doctrines of official (qualified) and sovereign (governmental) immunity. *Cameron v. Lang*, 274 Ga. 122, 123 (1), 126 (3) (549 SE2d 341) (2001). We will first consider the issue of official immunity.

> Under Georgia law, public officers and employees are en- titled to official immunity from any cause of action brought against them in their private or personal capacity when they are sued for discretionary acts taken within the scope of their employment and without actual intent to injure. "When a public employee is sued over his misperformance or nonperformance of a discretionary act, the employee may be held liable only where evidence shows he or she acted with 'actual malice or with actual intent to cause injury in the performance of (his or her) official functions.' Ga. Const. 1983, Art. I, Sec. II, Par. IX (d). The Supreme Court has determined that 'actual malice' excludes any concept of 'implied malice' or 'reckless disregard' and means only 'express malice or malice in fact.' (Cit.)" *Caldwell v. Griffin Spalding County Bd. of Ed.*, 232 Ga. App. 892 (503 SE2d 43) (1998) (physical precedent only).

*Holloman v. D. R. Horton, Inc.*, 241 Ga. App. 141, 149 (5) (524 SE2d 790) (1999). *Merrow v. Hawkins*, 266 Ga. 390, 391 (467 SE2d 336) (1996) (defining actual malice as the "deliberate intention to do wrong").

As to this issue, the trial court held:

> While the Defendants are correct that the decision to supply water and to furnish the service for the disposal of sewage is discretionary, a question of fact still exists as to whether any

of the Defendants acted with malice regarding the provision of groundwater and sewage services related hereto in which official immunity would not apply.

Plaintiffs argue that the individual defendants' actions were "inappropriate and improper" and "willful and wanton." However, they point us to no specific evidence in the record to support this characterization of the defendants' actions. Thus, while we agree that defendants may have acted with conscious disregard of the consequences to these developers if the City's water issues with the EPD were not resolved in the City's favor, we find the evidence insufficient to create a jury issue on whether the defendants acted with actual malice. The individual defendants were thus entitled to summary judgment to the extent plaintiffs asserted claims against them in their personal capacity.

*Sovereign Immunity*

2. "The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." *Cameron v. Lang*, 274 Ga. at 126 (3). Moreover, sovereign immunity, unless waived, also applies to city officials and employees acting in their official capacities. "Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." (Citation and punctuation omitted.) Id. The trial court held that the City waived sovereign immunity by purchasing a policy of liability insurance. In so holding the trial court noted that neither plaintiff had provided a copy of the policy certificate but that defendants had offered no evidence that such a policy did not exist. But "[s]overeign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege and the waiver must be established by the party seeking to benefit from the waiver." (Citation and punctuation omitted.) *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 314 (1) (439 SE2d 95) (1993), overruled in part on other grounds, *Clive v. Gregory*, 280 Ga. App. 836, 839 (1) (635 SE2d 188) (2006). See also *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (2) (651 SE2d 461) (2007). And if waiver is based on the purchase of a policy of insurance, a showing must also be made that it would cover the occurrence forming the basis of a plaintiff's claim.

In their supplemental briefs filed pursuant to an order of this Court, the plaintiffs have attached a copy of a GIRMA (Georgia Interlocal Risk Management Agency) general coverage declarations page; however, this document was not part of the record below. It is

axiomatic that documents attached to an appellate brief, which have not been certified by the clerk of the trial court and forwarded to this Court as part of the appellate record, will not be considered on appeal. "Therefore, we must rely solely upon the appellate record as it has been forwarded to this Court to decide the issue on appeal." *Nolan v. Jowers*, 280 Ga. App. 815, 816 (635 SE2d 211) (2006). Because there is no evidence *of record* that the City maintained liability insurance that would cover the occurrences forming the basis of plaintiffs' claims here, there has been no waiver of the City's governmental immunity. See OCGA § 36-33-1 (a).* Accordingly, sovereign immunity is a viable defense as to the City and the individual defendants acting in their official capacities. *Gilbert v. City of Jackson*, 287 Ga. App. at 327, and cites.

3. In light of the foregoing, we remand to the trial court for consideration of whether any of plaintiffs' claims remain viable.

*Judgments reversed and cases remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 18, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Oliver, Maner & Gray, Patrick T. O'Connor, Connell C. Youmans, Savage, Herndon & Turner, Christopher D. Britt*, for appellants.
*Ratchford & Rafter, Richard R. Rafter*, for appellees.

---

\* The trial court also noted that sovereign immunity may be waived for the negligent or improper performance of a ministerial duty or when a municipality undertakes a proprietary function, OCGA § 36-33-1 (b), but made no finding as to whether the City was acting in that capacity here. But even if in some instances the provision of water services may be considered nongovernmental, *McCrary Engineering Corp. v. City of Bowdon*, 170 Ga. App. 462, 464 (1) (317 SE2d 308) (1984), in this case the decision to encourage development in the City by giving assurances that adequate water and sewer services were available was neither ministerial nor proprietary.