## A11A1274. STAFFORD v. BRYAN COUNTY.

(718 SE2d 832)

DILLARD, Judge.

This discretionary appeal was granted after Charles Stafford received a citation for violating Bryan County Ordinance 6-403, which requires that landowners obtain a permit before engaging in land-disturbing activity. Stafford contended that he was acting under an exemption, namely that he was engaged in forestry land-management practices pursuant to Paragraph 6 of the ordinance and, thus, that a permit was not required. The Magistrate Court of Bryan County issued a judgment against Stafford, finding that he violated the ordinance and fining him $4,000. Thereafter, Stafford filed a petition for certiorari with the Superior Court of Bryan County, which was denied.

On appeal to this Court, Stafford enumerates the following as errors: (1) that the Bryan County ordinance is overly broad and void for vagueness under the United States and Georgia Constitutions or, in the alternative, that the ordinance is preempted by State law; (2) that the magistrate court exceeded its constitutional authority by allegedly granting injunctive relief; and (3) that the superior court made an impermissible factual determination in denying the petition for certiorari. We granted Stafford's discretionary appeal and, for the reasons discussed infra, we remand this case to the superior court.

The record shows that Stafford raised a constitutional challenge to the Bryan County ordinance before both the magistrate court and the superior court, arguing that the ordinance at issue is vague and failed to place him on notice of the prohibited activities; however, neither court issued a ruling on this argument before finding him in violation of the ordinance and imposing fines upon him.[1] Because a decision on the constitutional issue has the potential to render

---

[1] The challenged portion of the permit-exemption ordinance reads as follows:
This ordinance shall apply to any land-disturbing activity undertaken by any person on any land except for the following: ... Forestry land management practices, including harvesting; provided, however, that when such exempt forestry practices cause or result in land-disturbing or other activities otherwise prohibited in a buffer ... no other land-disturbing activities, except for normal forest management practices, shall be allowed on the entire property upon which the forestry practices were conducted for a period of three (3) years after completion of such forestry practices[.]
Bryan County, Ga. Ordinance 6-403, ¶ 6 (Revised Oct. 13, 2009). The ordinance was adopted pursuant to OCGA § 12-7-4 and tracks OCGA § 12-7-17 (6). OCGA § 12-7-17 provides for exceptions from the permitting requirements of OCGA § 12-7-7, and subsection (6) reads as follows:
This chapter shall not apply to the following activities: ... Forestry land management practices, including harvesting; provided, however, that when such exempt forestry practices cause or result in land-disturbing or other activities otherwise prohibited in a buffer ... no other land-disturbing activities, except for normal

Stafford's remaining contentions moot, and because we do not have jurisdiction to consider the merits of Stafford's challenge without a ruling from the court below, we vacate the superior court's denial of Stafford's petition for certiorari and remand the case for consideration of his constitutional challenge.[2]

*Judgment vacated and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 20, 2011 —
RECONSIDERATION DENIED NOVEMBER 15, 2011.

*Arnold, Stafford, Randolph & Schaeffer, Jeffery L. Arnold, Andrew S. Johnson,* for appellant.
*Brown, Rountree & Stewart, Charles H. Brown, Jesse A. Van Sant,* for appellee.

---

forest management practices, shall be allowed on the entire property upon which the forestry practices were conducted for a period of three years after the completion of such forestry practices[.]
OCGA § 12-7-17 (6).

[2] *See City of Decatur v. DeKalb County,* 284 Ga. 434, 438 (668 SE2d 247) (2008) (recognizing that a constitutional challenge will not be considered on appeal when it has not been ruled upon in the court below); *Buchan v. Hobby,* 288 Ga. App. 478, 480 (6) (654 SE2d 444) (2007) (remanding case for consideration of constitutional challenge); *see also Blackston v. Dept. of Natural Res.,* 255 Ga. 15, 18 (334 SE2d 679) (1985) (discussing the technicalities necessary to properly raise a constitutional question on appeal).