# Court of Appeals
# of the State of Georgia

ATLANTA, October 29, 2013

*The Court of Appeals hereby passes the following order:*

## A14I0032.  MICHAEL COOLEY, et al. v. JONATHAN L. BRYANT.

Jonathan Bryant, an inmate, filed a civil action against several defendants after he was injured by a lawn mower while cutting grass on a work program.  Bryant asserted negligence claims against Michael Cooley, the supervisor of the program, in both his individual and official capacity.  Cooley moved for summary judgment on immunity grounds.  The trial court partially denied his motion, concluding that because inspection and maintenance of the lawn mower were ministerial acts, Bryant's negligence suit was not barred by the doctrine of official immunity.  Cooley filed this application for interlocutory appeal from that order.

Ordinarily, the denial of a motion for summary judgment is an interlocutory order, and can be appealed only through the interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  However, in *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009), we held that the collateral order doctrine[1] permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity."  Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial."  (Citation omitted.)  Id.

Official immunity protects public officers and employees from claims brought

---

[1] Under this doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

against them in their personal capacities when they are sued for discretionary acts taken within the scope of their employment and without actual intent to injure. *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008). Like sovereign immunity, official immunity is "an entitlement not to stand trial rather than a mere defense to liability." (Punctuation and footnote omitted.) *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001). The rationale of *Canas*, therefore, applies with equal force in the official immunity context. Simply put, an order conclusively holding that a defendant is not entitled to official immunity falls within the scope of the collateral order doctrine and may be appealed directly.

Here, the trial court determined that Cooley's allegedly negligent acts – inspecting and maintaining the lawn mower – were ministerial, rather than discretionary, functions. This unequivocal finding is a conclusive determination that he is not entitled to claim immunity. See *Butler v. Carlisle*, 299 Ga. App. 815, 819-820 (683 SE2d 882) (2009) (public officer may be personally liable for ministerial acts negligently performed, but suits alleging negligent performance of discretionary acts are barred by official immunity).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, Cooley's application for interlocutory appeal is hereby GRANTED.

Cooley shall have ten days from the date of this order to file a notice of appeal in the trial court. If, however, he has already filed a notice of appeal from the order at issue, he need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/29/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*