# Court of Appeals
# of the State of Georgia

ATLANTA, _December 05, 2013_

*The Court of Appeals hereby passes the following order:*

## A14A0465.  DETRICK STANFORD v. XAVIA STIFF.

After Genes MacAustin was injured at a baseball game, Xavia Stiff, as parent and natural guardian, filed suit against several defendants including Detrick Stanford, the Director of the Clayton County Parks and Recreation Department.  Stanford filed a motion to dismiss, arguing inter alia that he was immune from suit due to his official immunity.  The trial court denied the motion, finding that it might be "possible that Plaintiff could introduce evidence within the framework of the Complaint sufficient to show that some of Stanford's alleged negligent acts were ministerial and, thus, not within the scope of his official immunity."  Stanford seeks to appeal this ruling.

Ordinarily, the denial of a motion for summary judgment is an interlocutory order, and can be appealed only through the interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  Stanford contends that he is entitled to directly appeal the trial court's ruling under *Board of Regents v. Canas,* 295 Ga. App. 505 (672 SE2d 471) (2009).  In *Canas*, we held that the collateral order doctrine permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity."[1] Id. at 507 (1).  Our decision hinged on the principle that

---

[1] Under the collateral order doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

"sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.) Id. Under *Canas*, therefore, a governmental entity can file a direct appeal from an order that conclusively rejects a sovereign immunity defense.

Official immunity protects public officers and employees from claims brought against them in their personal capacities when they are sued for discretionary acts taken within the scope of their employment and without actual intent to injure. *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008). Like sovereign immunity, official immunity is "an entitlement not to stand trial rather than a mere defense to liability." (Punctuation and footnote omitted.) *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001). The rationale of *Canas*, therefore, applies with equal force in the official immunity context. Simply put, an order conclusively holding that a defendant is not entitled to official immunity falls within the scope of the collateral order doctrine and may be appealed directly.

The order in this case, however, reveals that the trial court has not made such a conclusive determination. To the contrary, the court merely found that "at this stage of the proceedings, [it was] unable to determine that Stanford is immune from liability." Under these circumstances, *Canas* and the collateral order doctrine are inapplicable, and the ruling is interlocutory. Accordingly, Stanford's failure to comply with the interlocutory appeal procedure in OCGA § 5-6-34 (b) deprives us of jurisdiction over the appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/05/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*