**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 25, 2015**

# In the Court of Appeals of Georgia

A14A2086. WYNO et al. v. LOWNDES COUNTY et al.

MCFADDEN, Judge.

Misty Wyno was attacked and killed by her neighbors' dog. Her husband, Jason Wyno, acting individually and as administrator of Mrs. Wyno's estate, brought this action against the dog's owners and against several governmental defendants – Lowndes County and four individual county employees associated with the county's animal control services – who he alleged had failed to respond appropriately to earlier complaints about the dog. The trial court dismissed the action against the county and the employees for failure to state a claim, concluding that sovereign and official immunity or, alternatively, the Responsible Dog Ownership Law, OCGA §§ 4-8-20, et seq., barred the action against those defendants. The trial court did not dismiss the

action against the dog's owners, but he did enter a final judgment under OCGA § 9-11-54 (b) in favor of the governmental defendants, and Wyno filed a direct appeal.

As detailed below, we affirm the dismissal of the action against the county and its employees in their official capacities pursuant to the version of the Responsible Dog Ownership Law then in effect, former OCGA § 4-8-30 (2012). As to the action against the employees in their individual capacities, however, we cannot affirm. The employees are not entitled to dismissal on official immunity grounds at this stage of the proceedings. And as to the Responsible Dog Ownership Law, Wyno has argued both below and on appeal that the statute contravenes Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d), which governs the official immunity of employees sued in their individual capacities. Although the trial court implicitly rejected Wyno's constitutional challenge, we cannot review that ruling because the trial court did not make it expressly. Accordingly, as to the employees in their individual capacities, we reverse the judgment and remand the case for the trial court to enter an express ruling on the constitutional challenge and for other proceedings consistent herewith.

1. *Facts alleged in complaint and standard of review.*

A motion to dismiss for failure to state a claim upon which relief may be granted

2

should not be sustained unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014) (citation omitted).

Construed in favor of Wyno, the complaint alleged that the neighbors' dog attacked Mrs. Wyno on December 8, 2011, as she was returning to her residence from the neighbors' home. Mrs. Wyno sustained fatal injuries. Previously, numerous complaints about dogs at the neighbors' residence had been lodged with the county and the county's animal control services. These included complaints that the dogs were unrestrained and "habitually loose," that they growled and lunged at children and adults, that a dog chased some children, and that a dog bit a child in the face. Three of the individual defendants – animal control officers for the county – responded to these various complaints but took no action other than returning the dogs to their owners. In doing so, Wyno alleged, these animal control officers "negligently failed to perform ministerial duties under Georgia laws, county ordinances, internal policies, and other duties." Wyno alleged that the other individual defendant – the director and manager of the county's animal shelter and

supervisor of the animal control officers – did not require the animal control officers to perform their duties, and that this individual and the county generally failed to adequately hire, train, and supervise the animal control officers. The failure of the county and its employees to take appropriate action in response to the complaints, alleged Wyno, was malicious and caused the attack against Mrs. Wyno and her death.

The trial court dismissed Wyno's action against the county and the county employees for failure to state a claim. The trial court held that sovereign immunity barred the action against the county, official immunity barred the action against the county employees, and, alternatively, the Responsible Dog Ownership Law and particularly the provisions of former OCGA § 4-8-30 (2012) barred the action against all of the governmental defendants.

2. *Action against county and employees in their official capacities.*

The trial court did not err in dismissing the action against the county and its employees in their official capacities, because former OCGA § 4-8-30 (2012) bars the action. The version of OCGA § 4-8-30 effective at the time of the attack in December 2011[1] provided:

---

[1] The present version of the controlling language is at OCGA § 40-8-31.

It is the intent of the General Assembly that the owner of a dangerous dog or potentially dangerous dog shall be solely liable for any injury to or death of a person caused by such dog. Under no circumstances shall a local government or any employee or official of a local government which enforces or fails to enforce the provisions of this article [regarding dangerous dog control] be held liable for any damages to any person who suffers an injury inflicted by a dog that has been identified as being a dangerous dog or potentially dangerous dog or by a dog that has been reported to the proper authorities as being a dangerous dog or potentially dangerous dog or by a dog that a local government has failed to identify as a dangerous dog or potentially dangerous dog or by a dog which has been identified as being a dangerous dog or potentially dangerous dog but has not been kept or restrained in the manner described in subsection (b) of Code Section 4-8-25 or by a dangerous dog or potentially dangerous dog whose owner has not maintained insurance coverage or a surety bond as required in subsection (c) of Code Section 4-8-25.

Former OCGA § 4-8-30 (2012).

Wyno argues that former OCGA § 4-8-30 (2012) does not bar his action because he bases his claims on the defendants' failure to enforce a local dog control ordinance in addition to the state dog control statute. We disagree, however, with Wyno's contention that "OCGA § 4-3-30, by its own terms, only applies to claims for 'failing to enforce the provisions of this article,' i.e. the state dangerous dog statute."

5

The express language of the code section provides immunity to local governments and their employees and officials from liability for all injuries inflicted by dangerous or potentially dangerous dogs. Its reference to the enforcement of "this article" is used to describe the local governments, employees, and officials entitled to immunity; in other words, the code section applies to those local governments, employees and officials "which enforce[ ] or fail[ ] to enforce the provisions of this article [the code section's provisions related to dangerous dog control]." Former OCGA § 4-8-30 (2012). We do not read that reference to limit immunity in cases that also involve local dog control ordinances, because the code section contains no such limitation and to limit immunity would go against the General Assembly's expressly stated intent "that the owner of a dangerous dog or potentially dangerous dog shall be *solely* liable for any injury or death of a person caused by such dog." Former OCGA § 4-8-30 (2012) (emphasis supplied). See *Early v. Early*, 269 Ga. 415, 416 (499 SE2d 329) (1998) ("In construing a statute, the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words be plain and unambiguous and the intent may clearly gathered therefrom, we need look no further in determining what that intent was.") (citation and punctuation omitted).

6

Wyno purports to challenge the constitutionality of former OCGA § 4-8-30 (2012) as contravening Ga. Const. of 1983, Art. I., Sec. II, Par. IX (d), which concerns the official immunity afforded to public employees in their individual capacities. See generally *Austin*, 294 Ga. at 774 & n. 2 (Georgia's constitution contains the doctrine of official immunity, which "provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority") (citation omitted). That constitutional provision, however, does not apply to Wyno's action against the county or its employees in their official capacities. See *Harry v. Glynn County*, 269 Ga. 503, 503 (1) (501 SE2d 196) (1998) (counties are entitled to sovereign immunity under Ga. Const. of 1983, Art. I, Sec. II, Par. IX); *Wendelken v. JENK LLC*, 291 Ga. App. 30, 32 (2) (661 SE2d 152) (2008) (public employees sued in their official capacities are entitled to sovereign immunity).

Because former OCGA § 4-8-30 (2012) bars the action against the county and its employees in their official capacities, we affirm the trial court's dismissal of the action against them. Consequently, we need not address Wyno's claims of error regarding the trial court's alternative ground of dismissing the action on sovereign immunity.

7

3. *Action against employees in their individual capacities.*

(a) *Official immunity.*

The trial court erred in dismissing the action against the employees in their individual capacities based on official immunity. Among other things, Wyno alleged that the employees "negligently failed to perform ministerial duties under Georgia laws, county ordinances, [and] internal policies[,]" proximately causing Mrs. Wyno's death. That allegation is sufficient to state a claim because,

> [a]t this time, it cannot be said that the allegations of the complaint disclose with certainty that [Wyno] would not be entitled to relief under *any* state of provable facts asserted in support. For example, there conceivably could be evidence of some explicit detailed laundry list of discrete tasks each individual [animal control officer] was required to perform [when faced with a complaint about a dog]. At this stage in the litigation, it does not matter [whether or not] the existence of such a laundry list is unlikely. . . . This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment. As the record stands, however, the trial court improperly granted the individual defendants' motion to dismiss [on official immunity grounds].

*Austin*, 294 Ga. at 775 (citation omitted; emphasis in original).

(b) *Responsible Dog Ownership Law.*

8

The trial court also dismissed the action against the employees in their individual capacities based on the Responsible Dog Ownership Law, former OCGA § 4-8-30 (2012). Wyno argues, however, that former OCGA § 4-8-30 (2012) is inconsistent with Georgia's constitutional provision that

> all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.

Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). Under Wyno's rationale, to the extent former OCGA § 4-8-30 (2012) bars actions against the employees in their individual capacities that otherwise would be permitted by this constitutional provision, the statute is unconstitutional. Although Wyno raised this constitutional challenge in his response to the defendants' motion to dismiss, the trial court did not specifically or directly pass on the constitutional issue in his order. Consequently, we cannot review that issue on appeal. See *City of Decatur v. DeKalb County*, 284 Ga. 434, 436-438 (1), (2) (668 SE2d 247) (2008).

Nevertheless, by applying former OCGA § 4-8-30 (2012) to dismiss the action against the employees in their individual capacities, the trial court implicitly rejected the constitutional challenge to the statute. We therefore reverse that part of the order dismissing the action against the employees in their individual capacities and remand this case to the trial court for that court to enter a ruling specifically and directly passing on the constitutional challenge and for further proceedings consistent therewith. See *Stafford v. Bryan County*, 312 Ga. App. 533, 534 (718 SE2d 832) (2011); *Buchan v. Hobby*, 288 Ga. App. 478, 480 (654 SE2d 444) (2007).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Andrews, P. J., and Ray, J., concur.*