# Court of Appeals
# of the State of Georgia

ATLANTA,___July 16, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15I0238.  THE MAYOR AND CITY COUNCIL OF RICHMOND HILL, GEORGIA et al v. LAURA LANE MAIA et al.**

Laura Lane Maia filed a wrongful death action against the Mayor and City Council of the City of Richmond Hill, Georgia and Sergeant Douglas M. Sahlberg of the Richmond Hill Police Department (the "City Defendants"), in which she alleged that Sergeant Sahlberg's conduct caused her daughter to commit suicide.  The City Defendants filed a motion for summary judgment, arguing that certain of the claims were barred by the doctrine of official immunity.  The trial court denied the motion, and the City Defendants now seek interlocutory review of this ruling.

In *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009), we held that, under the collateral order doctrine, a defendant may directly appeal an order denying a motion to dismiss based on a determination that the defendant is not immune from suit on the basis of sovereign immunity.  Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.) Id.  Official immunity protects public officers and employees from claims brought against them in their personal capacities when they are sued for discretionary acts taken within the scope of their employment and without actual intent to injure. *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008).  Like sovereign immunity, official immunity is "an entitlement not to stand trial rather than a mere defense to liability." (Punctuation and footnote omitted.) *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001). The rationale of *Canas*, therefore, applies with equal force in the official immunity

context. Simply put, an order conclusively determining that a defendant is not entitled to official immunity falls within the scope of the collateral order doctrine and may be appealed directly. See *Liberty County School District v. Halliburton*, 328 Ga. App. 422 (762 SE2d 138) (2014).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, the City Defendants' application for interlocutory appeal is hereby GRANTED.

As a matter of course, we inform applicants that they have ten days from the date of this order to file a notice of appeal in the trial court. The City Defendants, however, stated in their application that they have already filed a notice of appeal from the order at issue; thus they need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to this Court.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____07/16/2015_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.