# Court of Appeals
# of the State of Georgia

ATLANTA, __April 03, 2018__

*The Court of Appeals hereby passes the following order:*

## A18A1357. JASON WYNO et al. v. LOWNDES COUNTY, d/b/a LOWNDES COUNTY ANIMAL CONTROL.

In 2013, Jason Wyno filed a lawsuit alleging that his late wife, Misty Wyno, was attacked by a dog owned by Jerrica Gonzalez, Cole Warner, and Bobbi Joe Courson, a/k/a Bobbi Courson Warner. In addition to the dog owners, the lawsuit also named Lowndes County d/b/a Lowndes County Animal Control (a/k/a Lowndes County Animal Services, Lowndes County Animal Welfare, Lowndes County Animal Shelter), Weyman Bozeman, Eric Sharp, Emanuel Shaw, and Linda Patelski (the "County Employees") as defendants in their individual and official capacities as employees of Lowndes County.

The County Employees moved to dismiss the lawsuit arguing that, among other things, the complaint was barred under OCGA § 4-8-30 (2012) of Georgia's Responsible Dog Ownership Law. OCGA § 4-8-30 (2012) stated, in part, that under no circumstances "shall a local government or any employee or official of a local government" be held liable for damages for failing to enforce the provisions of the Responsible Dog Ownership Law. Wyno filed a response challenging OCGA § 4-8-30 (2012)'s constitutionality. In 2014, the trial court entered an order dismissing the County Employees in their individual and official capacities. Wyno appealed the order.

We affirmed the dismissal of the claims against the County Employees in their official capacities, but held that the allegations against them in their individual capacities were sufficient to state a claim. *Wyno v. Lowndes County*, 331 Ga. App. 541, 545-546 (3) (771 SE2d 207) (2015). We further held that we could not review

Wyno's constitutional challenge because the trial court did not explicitly rule on OCGA § 4-8-30 (2012)'s constitutionality. Id. at 546. Thus, we reversed the dismissal of the claims against the County Employees in their individual capacities and remanded the case to the trial court to rule specifically and directly on the constitutional challenge and for further proceedings consistent therewith. Id.

After remand, Wyno filed a "Motion to Determine the Constitutionality of OCGA § 4-8-30," and on November 8, 2017, the trial court entered an order finding that the statute was constitutional. On December 1, 2017, the trial court once again entered an order dismissing the case in its entirety against the County Employees. Wyno filed a timely notice of appeal of these orders on December 6, 2017. We, however, lack jurisdiction.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). Because the trial court ruled that OCGA § 4-8-30 (2012) was constitutional, it appears that jurisdiction over this appeal may lie in the Supreme Court. See *Malloy v. State*, 293 Ga. 350, 353 (1) (744 SE2d 778) (2013). Moreover, the Supreme Court has the ultimate responsibility for determining appellate jurisdiction. See *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996). For this reason, this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  04/03/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.