S98G0279. EMMONS et al. v. CITY OF ARCADE.
(507 SE2d 464)

HINES, Justice.

We granted certiorari in *City of Arcade v. Emmons*, 228 Ga. App. 879 (494 SE2d 186) (1997), to address whether a city's annexation of land can begin a process to select a site for a municipal solid waste disposal facility under OCGA § 12-8-26 (a), and whether the superior court has jurisdiction to enjoin the city for a violation of OCGA § 12-8-26. Finding that annexation can begin the site selection process, and that there is no bar to injunctive relief, we affirm in part and reverse in part.

The facts are detailed in the opinion of the Court of Appeals. The city council learned in 1992 that land adjacent to the city was being considered by private developers as a site for a landfill. At a council meeting on May 27, 1993, the council went into executive session, discussed annexation of the land at issue, and annexed the property. The city later entered into a contract with Bartram Environmental,

Inc., to develop a solid waste landfill on the property. Emmons and other citizens brought suit against the city for a declaratory judgment and injunctive relief based on the city's failure to comply with the public notice provisions of OCGA § 12-8-26, which govern the conduct of local government meetings concerning solid waste disposal facility site decisions. The superior court found that the city had violated OCGA § 12-8-26, declared the contract between the city and Bartram void, and granted injunctive relief against the city taking action in furtherance of the decisions violative of OCGA § 12-8-26. The Court of Appeals affirmed in part and reversed in part the finding of OCGA § 12-8-26 violations, affirmed the voiding of the contract, and reversed the grant of the injunction.[1]

1. Under OCGA § 12-8-26 (a), any municipality that is "beginning a process to select a site for a municipal waste disposal facility must first call at least one public meeting to discuss waste management needs of the local government or region and to describe the process of siting facilities to the public," and the meeting must be properly noticed.

The Court of Appeals determined that OCGA § 12-8-26 (a) applies when a municipality engages in a process to select a site for a publicly-owned facility, and that beginning a process to select a site on which a private facility would be located could also trigger OCGA § 12-8-26 (a). However, the Court of Appeals also found that there was nothing in the record that allowed the superior court to rule that the May 27 annexation meeting was beginning a process to select a site because there was no evidence that the city "acted for or in collaboration with Bartram to select the annexed property for a landfill site," because Bartram's selection of the subject site was independent. Whether the city was acting in concert with a private developer is not the controlling question. The issue is simply whether the *city* was beginning the process to select a site; the participation of a developer is not necessary for the city to initiate that process.

The superior court found that the May 27, 1993 annexation was done to enable the city to receive the funds associated with the development and operation of a solid waste landfill, there was evidence to support that finding, and it must be upheld. *Dudley v. Snead*, 250 Ga. 804, 804-805 (1) (301 SE2d 480) (1983). Although an annexation decision may only rarely begin the process under OCGA § 12-8-26 (a), whether it did so in this case is a fact question for the superior court, and the Court of Appeals erred in reversing the superior court on this determination.

The superior court declared that the May 27, 1993 annexation

---

[1] The Court of Appeals also reversed a finding of contempt based on the injunction, but that issue is not before this Court.

was also a "siting decision" as that term is used in OCGA § 12-8-26 (b), and, because the action was done in violation of that subsection, declared the city's contract with Bartram void. The Court of Appeals did not agree that the annexation was a "siting decision," but considered a later city council meeting at which a proposal by Bartram was accepted to be the point at which a "siting decision" was made. Because that meeting was also not properly noticed, the Court of Appeals affirmed the superior court's ruling that OCGA § 12-8-26 (b) was violated and the contract void. In either event, OCGA § 12-8-26 (b) was violated and it was proper to declare the contract void based on such violation. See *Grove v. Sugar Hill Investment Assoc.*, 219 Ga. App. 781, 785 (2) (466 SE2d 901) (1996).

2. The superior court enjoined the city from taking any actions in conjunction with siting a landfill "which flow from the May 27, 1993 decision to site a [facility]" on the annexed property. The Court of Appeals ruled that the superior court did not have jurisdiction to enter an injunction because the statute placed the decision of whether to issue a permit for a landfill in the Director of the Environmental Protection Division of the Georgia Department of Natural Resources (EPD), with appeal therefrom pursuant to OCGA § 12-2-2 (c). Generally, when administrative review is available, that procedure is an adequate remedy at law, precluding equitable relief. See *George v. Dept. of Natural Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983). However, OCGA § 12-2-2 (c) affords no relief to Emmons and his fellow petitioners from the actions of the city. The administrative jurisdiction of the EPD does not include determination of whether the city has comported with meeting and notice requirements, and does not provide for remedies for the city's violations of OCGA § 12-8-26; it provides redress only to those "aggrieved or adversely affected by any order or action of the director." It is the city's flawed decision-making process that has aggrieved the petitioners. Therefore, the administrative permitting process, and its appeal provisions, do not provide the petitioners with an adequate remedy and the superior court did have jurisdiction to issue an injunction. *Galaxy Carpet Mills v. Massengill*, 255 Ga. 360, 361 (2) (338 SE2d 428) (1986). The city's actions taken at the May 27 council meeting were ultra vires, as were any actions flowing from that meeting, and the superior court was empowered to enforce its ruling by enjoining the city from actions that would attempt to circumvent the court's order. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; OCGA § 15-6-8; *Mitcham v. Blalock*, 268 Ga. 644, 645 (1) (491 SE2d 782) (1997); *Grove*, supra.

The injunction against the city's taking any actions in conjunction with Bartram "which flow from the May 27, 1993 decision to site a [facility]" does not, however, prohibit the city from taking any action that may ultimately result in siting a facility on the subject

site. Under the facts of this case, the city has failed to make a lawful siting decision, and has not lawfully begun a process to select a site. However, the city could, in the future, begin a process to select a site and make a siting decision in compliance with OCGA § 12-8-26 (a) and (b). See *Grove*, supra at 785 (2). Such a process, and any resulting decision, would not "flow from the May 27, 1993 decision," and would not be barred under the injunction.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 23, 1998.

*Decker & Hallman, F. Edwin Hallman, Jr., David C. Moss, Anne H. Hicks,* for appellants.

*Scott R. Tolbert, Paul, Hastings, Janofsky & Walker, William B. Hill, Jr.,* for appellee.

*Ernest De Pascale, Jr., Fitzpatrick & Camp, Barry L. Fitzpatrick,* amici curiae.