S04A0719. ROCKDALE COUNTY et al. v. BURDETTE.
(604 SE2d 820)

BENHAM, Justice.

We granted Rockdale County's application for discretionary review of the trial court's ruling that the Rockdale County Board of Commissioners' refusal to rezone a .69-acre piece of property violated the property owner's constitutional right to equal protection of the law. Because equal protection applies to similarly-situated property owners and the existence of a pre-existing nonconforming use prevents landowners from being similarly situated (*Puckett v. Paulding County*, 245 Ga. 439 (2) (265 SE2d 579) (1980)), we reverse the trial court's judgment.

Appellee Michael Burdette, the owner of the property in question, sought rezoning in order to use the property as a small used car sales lot, a use prohibited by the current C-1 ("local commercial") zoning. He requested a change to C-2 conditional, a more intense "general commercial" use of the property, and he was willing to limit the more intense use to a particular use, a used car sales lot containing a maximum of 15 cars. Burdette's request was denied by the Board of Commissioners. He appealed the adverse decision to the superior court, where the trial court concluded the Board's refusal to rezone constituted a denial of equal protection. The trial court determined Burdette had suffered disparate treatment because the Board, on the same day it denied Burdette's rezoning application, had taken action on a rezoning application on a parcel five miles away which resulted in the second parcel being rezoned from C-2 conditional (limited to use as a used-car sales lot) to C-1, with the condition that the owner be permitted to operate a small used-car lot as a legal nonconforming use. That owner had operated a small used-car lot on the property since 1989 when he had obtained a zoning classification of C-2 conditional, which limited the use to a small used car sales lot. Two years later, in 1991, Rockdale County adopted a comprehensive land use plan which called for both the used-car lot and Burdette's parcel to be zoned C-1.

"[Z]oning, as a method of carrying out comprehensive planning, is 'subject to constitutional demands of due process and equal protection and the constitutional prohibition against taking private property without just compensation.' [Cit.]" *Lamar County v. E. T. Carlyle Co.*, 277 Ga. 690, 693-694 (3) (594 SE2d 335) (2004). "The constitutional guaranty of equal protection requires that all persons shall be treated alike under like circumstances and conditions. [Cits.]" *Reed v. Hopper*, 235 Ga. 298, 300 (5) (219 SE2d 409) (1975). See also *Cherokee County v. Greater Atlanta Homebuilders Assn.*, 255 Ga. App. 764 (1) (566 SE2d 470) (2002). The owners of two separate parcels of property are prevented from being similarly situated for purposes of equal protection when one of the parcels has a pre-existing nonconforming use. *Puckett v. Paulding County*, supra, 245 Ga. at 440.

In the case at bar, the trial court ruled *Puckett v. Paulding County* was inapplicable because the second parcel did not have a pre-existing nonconforming use since the used-car lot was not in existence in 1984, when Rockdale County passed its zoning ordinance which, among other things, authorized the continuation of any lawful use of a building or lot existing at the time of the enactment of the zoning ordinance although the use did not conform to the provisions of the zoning ordinance. The trial court erred when it limited "pre-existing nonconforming use" to only those uses in existence at the time the governing authority enacted its initial zoning ordinance. "[A] protected . . . use is ordinarily defined as a use which lawfully existed prior to the enactment of a zoning ordinance, *or of an amendment to a theretofore existing zoning ordinance*, and which therefore may be maintained after the effective date of the ordinance or amendment although it does not comply with the zoning restrictions applicable to the area." (Emphasis supplied.) 4 Rathkopf, The Law of Zoning and Planning, § 72:1. See also *Corey Outdoor Advertising v. Bd. of Zoning &c. of City of Atlanta*, 254 Ga. 221, 225 (4) (327 SE2d 178) (1985) ("Nonconforming uses are uses of structures which were existing prior to the enactment of an ordinance rendering them nonconforming."). Because the C-1 zoning did not permit use of the lot as a used-car lot, such usage was nonconforming; because the lot was legally used as a used-car lot prior to the 2002 zoning amendment changing the zoning to C-1, it was a pre-existing use. Consequently, Burdette's lot zoned C-1 and the lot zoned C-1, conditional, were not similarly situated and the difference in treatment does not amount to a violation of Burdette's right to equal protection under the law. *Puckett v. Paulding County*, supra.

*Judgment reversed. All the Justices concur.*

Zoning; constitutional question. Rockdale Superior Court. Before Judge Nation.

*Maddox, Nix, Bowman & Zoeckler, John A. Nix, Thomas A. Bowman, Robert L. Zoeckler,* for appellants.

*Zachary & Segraves, Kenneth L. Levy, Kenneth W. Carpenter, Stephen M. Gibbs,* for appellee.