**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2017**

# In the Court of Appeals of Georgia

A16A1981. MAY v. MORGAN COUNTY.

DILLARD, Chief Judge.

In 2011, Morgan County issued a criminal citation to Christine May, alleging that she offered her Lake Oconee vacation home for short-term rentals in violation of a 2010 amendment to its zoning ordinances. The criminal prosecution was stayed for several years while May litigated a civil action against the County regarding the ordinance. But in June 2015, May filed a motion to dismiss the citation, arguing that the use of her lake home as a short-term rental property was permissible under the prior zoning ordinance and, therefore, a "grandfathered" use and, alternatively, that the prior ordinance was unconstitutionally vague. Following a bench trial, the Superior Court of Morgan County denied May's motion to dismiss and found her guilty of violating the current zoning ordinance as charged in the citation. On appeal,

May contends that the trial court erred in finding that the pre-amendment zoning ordinance prohibited the short-term rental of her vacation home, and, alternatively, that this same ordinance was unconstitutionally vague. May further contends that the trial court erred by denying her right to a trial, finding that the evidence was sufficient to support her conviction, and admitting hearsay during the sentencing hearing. For the reasons set forth *infra*, we agree that the prior zoning ordinance prohibited May from using her property for short-term rentals. Nevertheless, because the trial court has yet to address May's alternative argument that the prior zoning ordinance is unconstitutionally vague, we vacate its judgment and remand for further proceedings consistent with this opinion.

Construing the evidence to uphold the trial court's findings and judgment,[1] the record shows that in 2007, Christine May built a vacation home on Lake Oconee in Morgan County, Georgia, and, shortly thereafter, she began renting the home for short-term vacations. May's home was (and is) located in the "Lakeshore Low Density Residential Recreation" zoning district. At that time, the County's applicable zoning ordinance did not explicitly allow vacation rentals and, in fact, prohibited all

---

[1] *See, e.g.*, *Hammont v. State*, 309 Ga. App. 395, 396 (710 SE2d 598) (2011).

uses not specifically allowed.[2] Thus, in July 2009, the County demanded that May and a few other homeowners cease offering their homes for short-term rentals. But despite the County's demand, May continued renting her property for short-term rentals.

In 2010, the County began considering more detailed regulations of short-term home rentals under its zoning ordinances. And on October 5, 2010, the County amended its zoning ordinances to explicitly prohibit all rentals of single-family dwelling units for less than 30 consecutive days in all zoning districts, except for those districts where such rentals were permitted by conditional use. On December 7, 2010, the County designated the zoning districts in which short-term rentals would be conditionally permitted, but the district where May's lake home was located was not included in this designation. Nevertheless, despite being aware of the new zoning ordinance, May did not challenge it and continued renting her home on a short-term basis.

Subsequently, in June 2011, the County issued a warning to May for continuing to rent her lake house on a short-term basis. And then, on August 11, 2011, after determining that she was still offering her home for short-term rentals, the County

_____

[2] *See* Zoning Ordinance of Morgan County Art. 11 (effective March 2005).

issued a citation to May for violating the new zoning ordinance. But in April 2012, May filed a civil lawsuit against the County, and the criminal prosecution was stayed. Specifically, May sought an injunction to restrain the County from applying the 2010 zoning ordinance to her property and a declaratory judgment that the use of her property as a short-term rental home was permitted under the pre-2010 zoning ordinance, making such use grandfathered, and that the 2010 ordinance was unconstitutional.

On September 10, 2012, a bench trial was held on May's civil complaint, and at its conclusion, the court ruled that May's use of her lake home for short-term rentals was grandfathered and, therefore, the explicit prohibition of such rentals under the 2010 zoning ordinance did not apply to her property. But the court did not grant any of May's other requests for relief, and consequently, both parties appealed. This Court vacated the trial court's judgment and remanded the case with direction that the trial court address the threshold issues of whether May's complaint was barred because she had failed to exhaust her administrative remedies for challenging the zoning ordinance and because she had failed to challenge the ordinance within 30 days of its enactment. On remand, the trial court ruled against May on both threshold

issues, and her attempt to appeal that decision to this Court, and later to the Supreme Court of Georgia, was denied.

Thereafter, on June 3, 2015, May filed a motion to dismiss the criminal prosecution, arguing once again that the use of her property as a short-term rental home was permitted under the pre-2010 zoning ordinance, and thus, such use was grandfathered and, alternatively, that the pre-2010 zoning ordinance was unconstitutionally vague and, thus, void. The County filed a response, and on that same day, the case proceeded to a bench trial, in which both parties stipulated to the majority of the facts and focused, instead, on the legal arguments at issue. At the conclusion of the trial, the court took the matter under advisement. Subsequently, the trial court denied May's motion to dismiss, and on March 23, 2016, the court found May guilty beyond a reasonable doubt of violating the County's 2010 zoning ordinance. This appeal follows.[3]

---

[3] Shortly after this case was docketed, we transferred it to the Supreme Court of Georgia, believing that Court to properly have jurisdiction over May's constitutional challenge to the County's pre-2010 zoning ordinance. But the Supreme Court held that the trial court did not address the merits of May's constitutional challenge to the ordinance, and thus, transferred the case back to this Court. *See May v. Morgan County*, Case No. S17A0763 (January 17, 2017).

1. May first contends that the trial court erred in finding that the pre-2010 zoning ordinance prohibited the short-term rental of her vacation home, and thus, that the use of her property for rental purposes was not grandfathered even after the enactment of the 2010 amendment to the ordinance. We disagree.

It is, of course, well established that a nonconforming but

> protected use is ordinarily defined as a use which lawfully existed prior to the enactment of a zoning ordinance, or of an amendment to a theretofore existing zoning ordinance, and which therefore may be maintained after the effective date of the ordinance or amendment although it does not comply with the zoning restrictions applicable to the area.[4]

And in order to establish a grandfathered, nonconforming use, it is necessary to show that "the land was used for the nonconforming purpose prior to the enactment [or amendment] of the zoning ordinance."[5] Here, as previously noted, May contends that the use of her lake home for short-term vacation rentals was a grandfathered nonconforming use because she had been renting the home since 2007 and such use

---

[4] *Rockdale Cty. v. Burdette*, 278 Ga. 755, 756 (604 SE2d 820) (2004) (punctuation omitted).

[5] *Henry v. Cherokee Cty.*, 290 Ga. App. 355, 358 (3) (659 SE2d 393) (2008) (punctuation omitted).

was not prohibited by the pre-2010 zoning ordinance. Accordingly, we turn now to a textual review of that ordinance and its meaning.

In this regard, the principles that guide our consideration of the meaning of statutes are well established,[6] and "we apply those same principles when we consider the meaning of an ordinance."[7] Consequently, we look first to "the text of the ordinance, and if the text is clear and unambiguous, we look no further, attributing

---

[6] *See Deal v. Coleman*, 294 Ga. 170, 172–73 (751 SE2d 337) (2013) ("When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would . . . Applying these principles, if the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.") (punctuation and citations omitted); s*ee also Martinez v. State*, 325 Ga. App. 267, 273 (750 SE2d 504) (2013) ("And as with any question of statutory interpretation, we necessarily begin our analysis with familiar and binding canons of construction. Indeed, in considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. And toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, and read the text in its most natural and reasonable way, as an ordinary speaker of the English language would. In sum, where the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.") (punctuation and citations omitted).

[7] *Daniel Corp. v. Reed*, 291 Ga. 596, 597 (732 SE2d 61) (2012); *accord Risser v. City of Thomasville*, 248 Ga. 866, 866 (286 SE2d 727) (1982).

to the ordinance its plain meaning."[8] And as we look to the words of the ordinance, we "attribute to those words their ordinary, logical, and common meanings, unless a clear indication of some other meaning appears."[9] Furthermore, we read the ordinance "as a whole according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending its operation."[10] And finally, statutes or ordinances which "restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law; therefore, they must be strictly construed and never extended beyond their plain and explicit terms."[11]

---

[8] *Daniel Corp.*, 291 Ga. at 597; *accord Opensided MRI of Atlanta v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010).

[9] *Daniel Corp.*, 291 Ga. at 597 (punctuation omitted); *accord Judicial Council of Ga. v. Brown & Gallo*, 288 Ga. 294, 297 (702 SE2d 894) (2010).

[10] *Daniel Corp.*, 291 Ga. at 597 (punctuation omitted); *accord Jones v. Douglas Cty*, 262 Ga. 317, 321 (1) (b) (418 SE2d 19) (1992).

[11] *Noble Parking, Inc. v. Centergy One Assocs., LLC*, 326 Ga. App. 455, 460 (2) (756 SE2d 691) (2014) (punctuation omitted); *see also Bo Fancy Productions, Inc. v. Rabun County Bd. of Commissioners*, 267 Ga. 341, 343 (478 SE2d 373) (1996) (holding that zoning ordinances are to be "strictly construed in favor of the property owner and any ambiguous language therein is to be resolved in favor of the free use of property.").

Turning to the pre-2010 ordinance at issue, Article 11, Chapter 11.1 of the Morgan County zoning ordinances pertains to the zoning district where May's home is located.[12] Section 11.1.1 of that chapter, titled "Purpose and Intent," provides: "The purpose of the LR-1 District is to encourage the development of low density, single family residential neighborhoods, and certain uses allied to or customarily incidental to traditional residential developments while stressing the preservation of the natural beauty of the lakeshore line and surrounding land." In addition, Section 11.1.2, titled "Permitted and Conditional Uses" provides: "Permitted and conditional uses shall be provided in Table 11.1 'Permitted and Conditional Uses by Lakeshore District Zoning District.' Uses that are neither permitted nor conditional are not allowed, and uses not specifically listed in the table are not allowed in this zoning district." And Table 11.1 specifically prohibits "Motels/Hotels" in May's district, but makes no mention of short-term rentals.

May, nonetheless, notes that in the "Definition of Terms" article of the zoning ordinance, the definition for "Guesthouse" specifically provides that "no guesthouse shall be rented or otherwise used as a separate dwelling" and that the definition for "Dwelling" excludes "hotels or motels" but otherwise does not contain similarly

---

[12] *See* Zoning Ordinance of Morgan County Art. 11 (effective March 2005).

prohibitive language.[13] May then argues, *inter alia*, that the absence of such prohibitive language in the definition of the term that most aptly describes her property—a dwelling—means that using her home for short-term rental purposes is *not* prohibited. But we are not persuaded that absence of any such prohibition in the definitions portion of the ordinance overcomes the plain language of the zoning ordinance sections that specifically pertain to zoning restrictions. Indeed, given that short-term rentals—nor anything that could be construed as synonymous with short-term rentals—are neither mentioned nor permitted under Table 11.1, and that "uses not specifically listed in the table are not allowed in this zoning district[,]"[14] we conclude that the pre-2010 zoning ordinance prohibited May's short-term rental of her lake home.[15]

---

[13] *See* Zoning Ordinance of Morgan County Art. 3 (effective March 2005).

[14] *See* Zoning Ordinance of Morgan County § 11.1.2 (effective March 2005).

[15] *See Daniel Corp.*, 291 Ga. 598-99 (holding that plain meaning of ordinance requiring alcohol licensee to "open for business" within nine months of issuance of license, with failure to do so resulting in automatic forfeiture of license, did not reflect any requirement as to the regularity or continuity of business); *S. States-Bartow Cty., Inc. v. Riverwood Farm Prop. Owners Ass'n, Inc.*, 331 Ga. App. 878, 884-85 (3) (769 SE2d 823) (2015) (holding that plain meaning of ordinance required appellant to commence the non-conforming use of operating a landfill within one year of adoption of ordinance to prevent such vested right from lapsing).

2. Alternatively, May contends that if the pre-2010 zoning ordinance did not permit short-term rentals, the trial court erred in failing to rule that it was unconstitutionally vague.[16] But in denying May's motion to dismiss the prosecution,

[16] *See Johnson v. United States*, ___ U.S. ___ (II) (135 SCt 2551, 2556, 192 LE2d 569) (2015) (holding that "[t]he Fifth Amendment provides that 'no person shall . . . be deprived of life, liberty, or property, without due process of law," and that "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."); *accord Kolender v. Lawson*, 461 U.S. 352, 357-58 (III) (103 SCt 1855, 75 LE2d 903) (1983); *Major v. State*, 301 Ga. 147, 152 (2) (800 SE2d 348) (2017); *see also* Robert Batey, *Vagueness and the Construction of Criminal Statutes-Balancing Acts*, 5 Va. J. Soc. Pol'y & L. 1, 4 (1997) ("The vagueness doctrine serves two important policies. First, the Due Process Clause ensures that criminal statutes provide fair notice to the populace by voiding impermissibly vague statutes because they do not clearly define the prohibited conduct. Second, by voiding impermissibly vague statutes, courts reduce the potential for arbitrary and discriminatory enforcement of the laws by both police officers and prosecutors."); Cristina D. Lockwood, *Defining Indefiniteness: Suggested Revisions to the Void for Vagueness Doctrine*, 8 Cardozo Pub. L. Pol'y & Ethics J. 255, 263-66 (2010) ("The void for vagueness doctrine was not present in colonial practice. Neither The Federalist nor the records of debates of the Constitutional Convention and the ratifying conventions indicate that the concept was considered a serious issue, if an issue at all. When references in early cases to vagueness appeared, the courts did not mention a constitutional basis for their decisions. Instead, the concept was primarily a principle of construction and had not yet received the sanctity of being associated with the constitutional requirement of due process . . . It is now the Due Process Clause of the Fifth Amendment and its applications to the states through the Fourteenth Amendment that is the basis for the void for vagueness doctrine. The Court's authority to rely on these constitutional provisions to invalidate legislative enactments, of course, comes from *Marbury v. Madison*.") (punctuation and citations omitted); *but see also Johnson*, 135 SCt at 2563-64 (Thomas, J., concurring) ("Although I have joined the Court in applying our

11

the trial court did not address her constitutional challenge to the pre-2010 ordinance, much less issue a ruling on this argument. Indeed, in its order transferring this case back to the Court of Appeals, the Supreme Court of Georgia explicitly held that the trial court did not rule on May's constitutional challenge.[17] We are, of course, bound by that order.[18]

The County argues that because the pre-2010 ordinance prohibited May's use of her lake home as a rental property, the constitutionality of that ordinance is immaterial in light of the fact that the County is prosecuting May for violating the 2010 amended ordinance rather than the prior ordinance. But such glibness ignores the fact that "[z]oning, as a method of carrying out comprehensive planning, is

_____

modern vagueness doctrine in the past, I have become increasingly concerned about its origins and application. Simply put, our vagueness doctrine shares an uncomfortably similar history with substantive due process, a judicially created doctrine lacking any basis in the Constitution . . . Although our vagueness doctrine is distinct from substantive due process, their histories have disquieting parallels." (citation omitted)).

[17] *See supra* note 3.

[18] *See S. States-Bartow Cty., Inc.*, 331 Ga. App. at 885 (4) (noting that the Court of Appeals was bound by the Supreme Court of Georgia's transfer order, which held that the trial court did not rule on the constitutionality of a statute despite plaintiff's challenge to statute on such grounds); *Buchan v. Hobby*, 288 Ga. App. 478, 479-80 (654 SE2d 444) (2007) (same).

subject to constitutional demands of due process and equal protection and the constitutional prohibition against taking private property without just compensation."[19] Moreover, the County's argument misconstrues May's contention. Specifically, May maintains that the pre-2010 ordinance is unconstitutionally vague, in that it provided insufficient notice that the short-term vacation rental of her property was forbidden.[20] Consequently, as May argues, if the pre-2010 ordinance was void for vagueness, then it *did not* prohibit the short-term rental of her property and such nonconforming use was then grandfathered when the 2010 zoning ordinance—which explicitly prohibited such short-term rentals—was enacted.[21] Thus, because a decision on May's constitutional challenge to the pre-2010 ordinance affects whether she can be prosecuted for renting her property on a short-term basis,

[19] *Burdette*, 278 Ga. at 756 (punctuation omitted); *accord Kingsley v. Florida Rock Indus., Inc.*, 259 Ga. App. 207, 211 (2) (2002).

[20] *See Unites States v. Harriss*, 347 U.S. 612, 617 (I) (74 SCt 808, 98 LEd 989) (1954) (holding that "[t]he constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute."); *Hall v. State*, 268 Ga. 89, 92 (2) (485 SE2d 755) (1997) (noting that "it is beyond question that the Due Process Clause requires that the law give a person of ordinary intelligence fair warning that her specific contemplated conduct is forbidden, so that she may conduct herself accordingly").

[21] *See supra* notes 4 and 5.

we must vacate the trial court's judgment and remand the case for the trial court's consideration of May's contention that the ordinance is unconstitutionally vague as applied to her conduct.[22] In doing so, we do not envy the trial court's task. The void for vagueness doctrine is vague and not much of a doctrine.[23] But it is currently the law of the land, and courts are charged with applying the doctrine as best they can.

---

[22] *See City of Decatur v. DeKalb Cty.*, 284 Ga. 434, 438 (2) (668 SE2d 247) (2008) (holding that a constitutional challenge will not be considered on appeal when it has not been ruled upon in the court below); *S. States-Bartow Cty., Inc.*, 331 Ga. App. at 885 (4) (remanding case for consideration of constitutional challenge); *Buchan*, 288 Ga. App. at 480 (same). We recognize that, at first glance, construing the pre-2010 zoning ordinance as prohibiting short-term rentals but, nevertheless, remanding this case to the trial court for a determination as to whether that ordinance is unconstitutionally vague may appear incongruous. But while there is certainly overlap between the analysis a court employs in construing an allegedly ambiguous statute and that which it uses in determining whether a statute is unlawfully vague, that analysis should not be conflated, and the resolution of the former does not necessarily preordain a similar resolution for the latter. Indeed, "[a] word or phrase is ambiguous when the question is which of two or more meanings applies; it is vague when its unquestionable meaning has uncertain application to various factual situations." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF STATUTORY TEXTS 32 (1st ed. 2012). Furthermore, with regard to a vagueness challenge, there is "a greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Thelen v. State*, 272 Ga. 81, 82 (526 SE2d 60) (2000) (punctuation omitted); *accord Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U. S. 489, 498-99 (102 SCt 1186, 71 LEd2d 362) (1982).

[23] *See supra* n.16.

14

3. Finally, given that we must vacate the trial court's judgment and remand the case for further consideration, we need not address May's remaining enumerations of error at this time.

*Judgment vacated and case remanded. Ray, P. J., and Self, J., concur.*