305 Ga. 305
FINAL COPY

S18A1622, S18X1623.  MORGAN COUNTY v. MAY; and vice versa.

NAHMIAS, Presiding Justice.

Morgan County appeals the trial court's order dismissing Christine May's criminal citation for violating the County's amended zoning ordinance by renting out her house near Lake Oconee for a week.  The court concluded that the zoning ordinance in effect at the time May began renting her house for short periods was unconstitutionally vague as applied, meaning that her use of the house for such rentals was "grandfathered" and not subject to the amended ordinance's explicit prohibition of short-term rentals for fewer than 30 days.  May cross-appeals, but we need not address her claimed errors, because we affirm the trial court's dismissal of her citation.

1.     May built a vacation home in Morgan County, and in 2008 she began renting her house to others, typically for periods of about a week.[1]  The

---

[1]  We view the record in the light most favorable to the trial court's findings and orders. Additional details about this case and its complicated procedural history can be found in May v. Morgan County, 343 Ga. App. 255, 255-257 (807 SE2d 28) (2017).

County's zoning ordinance in effect at that time did not contain any specific language addressing rentals of any duration for houses in May's zoning district. In practice, the County took the position that fewer-than-30-day rentals were prohibited but rentals for 30 days or longer were permitted. In October 2010, the County amended its zoning ordinance to explicitly prohibit most "short-term rentals," which were defined as rentals for fewer than 30 consecutive days. May had continued to rent her house, and in August 2011, after she again rented her house for seven nights, the County issued her a citation for violating the amended zoning ordinance, thereby initiating a misdemeanor criminal proceeding against her. May's criminal case was stayed for several years, however, while she and the County extensively litigated a civil lawsuit she filed challenging the short-term rental ban in the County's amended ordinance as applied to her property.[2]

After her criminal case was revived in 2015, May filed a motion to dismiss her citation, arguing among other things that the County's old zoning ordinance

_____

[2] May's September 2012 civil bench trial concluded with a declaratory judgment in her favor. But the Court of Appeals in an unpublished opinion vacated that judgment in September 2013 (May v. Morgan County, 323 Ga. App. XXVI (Case Nos. A13A1564, A13A1960) (Sept. 12, 2013) (unpublished)), and on remand the civil trial court ruled for the County on procedural grounds in April 2014. The Court of Appeals denied May's application for discretionary appeal of that decision, and in December 2014 this Court denied her petition for certiorari.

was unconstitutionally vague because it did not specifically prohibit seven-night rentals, that her use of her house for such rentals was therefore lawful under the old ordinance, and that she consequently had a grandfathered right to continue renting the house in that way that precluded her from being prosecuted under the short-term rental prohibition in the amended ordinance.[3]  The trial court held a bench trial in June 2015.  In November 2015, the court denied May's motion to dismiss on non-constitutional grounds, and in March 2016, the court found her guilty of violating the amended zoning ordinance and imposed a sentence of 30 days in jail, six months on probation, and a $500 fine.  May appealed, and her case worked its way through the appellate courts and was ultimately remanded to the trial court in October 2017 for a ruling on her constitutional vagueness

---

[3] Under the amended ordinance, May's use of her property for rentals of fewer than 30 days would be a "nonconforming" use, which      if that use was in fact lawful under the old ordinance would give her a protected or "grandfathered" property right in that use which could not be immediately eliminated by the amended ordinance.  See Rockdale County v. Burdette, 278 Ga. 755, 756 (604 SE2d 820) (2004) ("'(A) protected . . . use is ordinarily defined as a use which lawfully existed prior to the enactment of a zoning ordinance, or of an amendment to a theretofore existing zoning ordinance, and which therefore may be maintained after the effective date of the ordinance or amendment although it does not comply with the zoning restrictions applicable to the area.'" (citation and emphasis omitted)).  See also Ga. Const. of 1983, Art. I, Sec. I, Par. X (prohibiting "retroactive law[s]"); BBC Land & Dev. v. Butts County, 281 Ga. 472, 473 (640 SE2d 33) (2007) (distinguishing between "nonconforming uses" and "vested rights").  The amended provision of the ordinance did not say that nonconforming uses would be terminated at a later time, and an unamended provision of the ordinance said, with several exceptions, "[t]he lawful use of any building, structure, or land existing at the time of the enactment of this ordinance may be continued, even though such use does not conform with the provisions of this ordinance."

challenge. See May v. Morgan County, 343 Ga. App. 255, 260-262 (807 SE2d 28) (2017).

On May 31, 2018, the trial court granted May's motion to dismiss her criminal citation, ruling that the County's old zoning ordinance was unconstitutionally vague as applied to short-term rentals of the sort at issue; that consequently, there was no zoning ordinance prohibiting such rentals when May began renting her house; and that her use of her house for such rentals was therefore grandfathered so that the explicit prohibition of that use under the amended ordinance does not apply to her property. Morgan County appealed the dismissal order to this Court, and May then filed a cross-appeal. The case was docketed to our August 2018 term and was orally argued on November 5, 2018.

2. To satisfy due process,

> a challenged statute or ordinance [must] give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated and provide sufficient specificity so as not to encourage arbitrary and discriminatory enforcement. Vagueness challenges to statutes [and ordinances] that do not implicate First Amendment freedoms must be examined in the light of the facts of the case to be decided.

Parker v. City of Glennville, 288 Ga. 34, 35 (701 SE2d 182) (2010).

The County's old zoning ordinance listed permitted uses for properties in May's zoning district and banned any uses that were not listed. There was no mention of rentals of any duration. The County contends that because the ordinance did not list rentals, a person of ordinary intelligence would understand that short-term rentals of "single-family detached dwellings" were not allowed. But the old ordinance failed to provide any guidelines whatsoever to enable May to determine that fewer-than-30-day rentals would be prohibited but rentals for 30 days or longer would be allowed, as the County contends and as the County applied the old ordinance in practice.

Unlike the amended zoning ordinance, the old ordinance contained no language regarding the permissible duration for rentals of houses like May's, much less any sort of ban on rentals for fewer than 30 days. As the trial court noted in its order dismissing May's citation, the County's director of planning and development testified that the old ordinance did not address any permissible or prohibited time limit for rentals.[4] The director also admitted that, despite that

_____

[4] We also note on this point that at a meeting on the proposed zoning amendments, another official from the planning and development department explained that County "staff and the County Attorney had concerns regarding the legality of enforcing" the existing ordinance against vacation rentals and "felt as if the County needed something more concrete in the [ordinance] so that the use could be regulated." The County official also showed a visual presentation that said, "Morgan County currently has no language in the Morgan County Zoning Ordinance that regulates

silence in the old zoning ordinance, the County's practice was to prohibit fewer-than-30-day rentals but to allow longer rentals. That May would have been allowed to rent her house for a month but criminally prosecuted for renting it for a week was nowhere to be found in the text of the old ordinance.

The County argues that even though no language in the old ordinance specifically addressed rentals of houses in May's district, the ordinance's definition of "single-family detached dwellings" was sufficient to put May on notice that week-long rentals of her house were unlawful. The ordinance listed as permitted "single-family detached dwellings" and defined "dwelling" as "a structure . . . which is designed or used exclusively for residential purposes . . . ," but did not define "residential." The Definitions section of the old ordinance said that all words not defined in the ordinance "shall have their customary dictionary meaning." Relying on a definition of "residence" in the 1979 edition of Webster's New Collegiate Dictionary — "the place where one actually lives as distinguished from a place of temporary sojourn" — the County asserts that single-family detached dwellings like May's house could be used only as a place where a family "actually lives," rather than as a place where people stay

Vacation/Short Term Rentals" and that "the legality of enforcement is questionable."

6

temporarily.

As the trial court recognized but the County's brief to this Court ignores, the old ordinance's use of the word "or" in its definition of "single-family detached dwelling" required only that May's house be "designed" for residential purposes — not that it also be "used" only for residential purposes. See Haugen v. Henry County, 277 Ga. 743, 744-745 (594 SE2d 324) (2004) (explaining that "[t]he natural meaning of 'or,' where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things" (citation and punctuation omitted)). But even putting this hole in the County's argument aside, the County makes no attempt to explain how its selected dictionary definition of residence would put a person of common intelligence on notice that the dividing line for illegal "temporary" residences would be drawn at thirty days rather than three, seven, twenty-one, or sixty.

The County's definition of residence in no way suggests that individuals establish a home where they "actually live" only by living there for 30 days or longer. To the contrary, a person may legally establish a residence in only one day. See Dozier v. Baker, 283 Ga. 543, 545 (661 SE2d 543) (2008) (analyzing residency in the context of election laws and recognizing that "[n]o definite

7

amount of time spent in a place is essential to make that place a home" (citation and punctuation omitted)). A family that moves into a new house "actually lives" there on the day they move in — not only after 30 days have passed. That the family has not yet lived in their new home for 30 days does not mean that they are merely "temporarily sojourn[ing]" there.

Likewise, people can stay in a place even longer than 30 days without "actually" residing there. See, e.g., Conrad v. Conrad, 278 Ga. 107, 108 (597 SE2d 369) (2004) ("It requires both act and intent to establish a residence, and either without the other is insufficient." (citation and punctuation omitted)). A construction worker may stay in a rented house for several months while she completes a project, but that house does not automatically become her new residence on day 30 of her stay. Nor do vacationers who plan to return home after spending their whole summer in a rented lake house necessarily establish a residence at the lake after 30 days of rental.

Thus, the County's "actually live" versus "temporary sojourn" view of what makes a dwelling "residential" does not make clear that seven-night rentals are prohibited. As the trial court aptly said in its order dismissing May's citation, "The County's definitions within definitions fail to provide any sort of

8

practical guidelines to enable a homeowner to determine *at what point* a structure ceases to be 'residential.'" (emphasis supplied). We are persuaded by the trial court's reasoning, which the County has failed to address, much less rebut, in its brief on appeal. Accordingly, we agree with the trial court's determination that the County's old zoning ordinance was unconstitutionally vague as applied to seven-night rentals of May's property. As a result, the old ordinance cannot be applied to that use of May's property, meaning that her use of her house for such a rental was grandfathered and not subject to the short-term rental ban in the amended ordinance. May's criminal citation for violating the amended ordinance was properly dismissed.[5]

Judgment affirmed in Case No. S18A1622. Appeal dismissed in Case No. S18X1623. All the Justices concur.

---

[5] May's motion to dismiss the County's appeal is denied, and her cross-appeal is dismissed as moot.

Decided February 18, 2019.

Zoning ordinance. Morgan Superior Court. Before Judge Burleson.

Hall Booth Smith, Christian G. Henry, for appellant.

DuBose Law Group, C. Wilson DuBose, Jennifer L. Pridgeon, Matthew R. Frick, for appellee.